IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON, :
:
    Plaintiff :
: CIVIL NO. 1:CV-09-2207
  vs. :
: (Judge Caldwell)
DAUPHIN COUNTY PRISON, *et al.*, :
:
    Defendants :


*M E M O R A N D U M*

I.   *Introduction*

      Plaintiff, Purnell Nelson, a prisoner at the Dauphin County Prison (DCP), Harrisburg, Pennsylvania, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has also filed an application to proceed in forma pauperis. Named as defendants are the DCP; its warden, Dominick DeRose; and the deputy warden, Elizabeth Nicols.

      The Complaint is before the court for screening pursuant to 28 U.S.C. § 1915. The Court will grant Nelson's request to proceed in forma pauperis and direct him to file an amended complaint identifying what, if any, actual injury he suffered as a result of being denied access to the prison's law library. Nelson is also instructed to identify those individuals directly responsible for denying him access to the law library.

II.  *Background*

The one paragraph complaint states that on October 17, 2009, Deputy Warden Nichols denied Nelson's informal grievance complaining of various inadequacies at the DCP law library. (Doc. 1, Compl.) Nelson claims defendants are denying "inmates at DCP an adequate law library and legal services." (*Id.*) Documents attached to the Complaint reflect that Nelson filed grievance number 67661 on October 9, 2009, alleging that "he ha[d] not received library materials he requested and has not received assistance." [1] (*Id.* at R. 4). They also reflect that Deputy Warden Nichols stated that Nelson could not physically attend the institution's law library while he was housed in the medical unit, (*id.*), and that in lieu of an actual visit "he can request copies of cases or borrow materials if he is specific in [what] he wants." (*Id.*)

III.  *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a case filed in forma pauperis if we determine that it "fails to state a claim on which relief may be granted." In applying this statutory requirement, the court relies on the standard employed to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). That Rule authorizes dismissal of a complaint on basically the same ground, "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

---

[1] The Court notes that the documents attached to the Complaint appear incomplete as they do not include referenced attachments.

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

IV. *Discussion*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). Personal involvement in the alleged wrongs is necessary for the imposition of liability in a civil rights action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003); *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988). There is no respondeat superior liability in § 1983 actions, *Evancho*, 423 F.3d at 353, and a civil rights complaint is adequate if it states the conduct, time, place, and persons responsible for the alleged civil rights violations. *Id.*

Based upon the above legal standards, claims against two of the three named defendants are subject to dismissal. First, the DCP is not a "person" amenable to suit under 42 U.S.C. § 1983. A county prison does not have the legal capacity to be sued in its own name. *Birckbichler v. Butler County Prison*, No. 07-1655, 2009 WL 2986611 at *5 (W.D. Pa. Sept. 17, 2009)(collecting cases).[2] Second, Nelson's claims against Warden DeRose must also be dismissed as he makes no allegations against the Warden. As noted, a civil rights claim must be based on personal involvement and cannot be based

---

[2] A proper defendant would be Dauphin County, but the County would not be liable under respondeat superior, only for a policy or custom that caused injury to Plaintiff. *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007).

-4-

upon respondeat superior. Thus Nelson's § 1983 claims against the DCP and Warden DeRose will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as he fails to state a claim for relief which can be granted against either defendant.

Nelson claims that Deputy Warden Nicols denied him adequate access to the DCP law library. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177, 135 L.Ed.2d 606 (1996); *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). However, when an inmate does not allege an actual injury to his ability to litigate a claim, his constitutional right of access to the courts has not been violated. *See Lewis*, 518 U.S. at 352-53, 116 S.Ct. at 2180-2181. An actual injury is shown only where a nonfrivolous, arguable claim is lost. *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 2186-2187, 153 L.Ed.2d 413 (2002).

In its present form, Nelson's access-to-the-courts claim fails. It is based on Deputy Warden Nichols' alleged interference with going to the law library. But there is no "abstract freestanding right to a law library or legal assistance,*" Lewis*, 518 U.S. 351-53, 116 S.Ct. at 2180-2181, and Nelson does not allege he has suffered actual injury to a pending or contemplated legal claim as a result of Nichols' alleged actions.

Although Nelson's Complaint fails to state a cause of action against the named defendants, it appears that the deficiencies may be remedied by amendment. Nelson may be able to allege actual injury as a result of Deputy Warden Nichols' conduct, or perhaps the conduct of others. Thus, Nelson will be granted twenty-one days to file an amended complaint.

If Plaintiff opts to amend, his amended complaint should be short and plain, *see* Fed. R. Civ. P. 8(a), and also aver what each named defendant did that led to the deprivation of his constitutional or other federal rights. *Iqbal, supra*, 129 S.Ct. at 1948-49. Plaintiff is also advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Nelson's failure to file an appropriate amended complaint will result in the dismissal of this action.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 6, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON, :
:
    Plaintiff :
: CIVIL NO. 1:CV-09-2207
  vs. :
: (Judge Caldwell)
DAUPHIN COUNTY PRISON, *et al.*, :
:
    Defendants :

*O R D E R*

    AND NOW, this 6th day of January, 2010, upon review of the Complaint under 28 U.S.C. § 1915(e)(2)(B), it is ordered that:

    1. Nelson's motion to proceed in forma pauperis (Doc. 6) is granted.

    2. The claims against the Dauphin County Prison, Warden DeRose, and Deputy Warden Nichols are dismissed under to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

    3. Within twenty one (21) days of the date of this Order, Nelson may file an amended complaint complying with the requirements of the accompanying memorandum.

    4. The Clerk of Court is directed to send Nelson two (2) copies of this court's form civil-rights complaint which Plaintiff shall use in preparing his amended complaint.

    5. Failure to comply with this Order will result in the dismissal of this action.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge